**UNITED STATES of America,
Plaintiff(s),**

v.

**Mark YOUNG, Defendant(s).**

No. 2:03–cr–00549–RLH–LRL.

United States District Court,
D. Nevada.

Dec. 11, 2007.

Brian D. Pugh, Justin J. Roberts, U.S. Attorney's Office, Las Vegas, NV, for Plaintiff.

## ORDER

(Motion to Set Payments—# 142)

ROGER L. HUNT, District Judge.

Before the Court is Defendant Mark Young's **Motion to Set Schedule of Payments Re: Restitution** (# 142). The Court also considers the United States' Opposition (# 143). No reply is filed.

On March 10, 2006, Defendant Young was sentenced to a term of imprisonment of 78 months, Judgment was entered March 23, 2006. He was also ordered to pay restitution in the amount of $457,740.43 and a penalty assessment of $3,300.[1] The Court ordered the restitution to be due immediately, and that any balance remaining due upon release shall be paid at a monthly rate of 10% of Defendant's monthly gross income. The judgment is silent as to any schedule of payments while imprisoned.

Defendant Young now complains that he is participating in the Federal Bureau of Prisons Inmate Financial Responsibility Program (IFRP); that the Bureau of Prisons (BOP) is withholding $50 a month; that he was not given a choice in the calculation of the amount withheld; and that he signed the agreement under duress.[2]

■ The IFRP is a voluntary program which permits inmates certain benefits if they agree to participate. The benefits are not provided as a matter of right. An inmate cannot receive those benefits unless they participate in the program. Defendant does not provide any facts or evidence to support his claim of duress. The Court can only surmise that the "duress" was that he would not receive the benefits that come with the program if he did not sign up. That does not constitute improper duress. The program is entirely voluntary and the Court finds no justification for Defendant's claim of duress.

Mr. Young earns approximately $57 while imprisoned. He typically receives a bonus of approximately $28 per month, bringing his total monthly earnings to approximately $85. He also receives approximately $150 per month from family members, making his total monthly income $235. Accordingly, the amount withheld is only 21% of his monthly income. There is no evidence that the remaining income is not sufficient for his needs. The purpose of the IFRP is to teach inmates to meet their financial obligations.

The calculation by the BOP of the amount to be withheld is within the sole power and authority of the Bureau, and is only done with the agreement of the inmate. The inmate is not obligated to enter the program, or compelled to pay any amount to restitution is he does not wish to voluntarily enter into an agreement with BOP to do so. The only ramification would be that he would not be permitted to receive or participate in benefits to which he has no entitlement in the first instance.

Apparently, Defendant is asking the Court to rewrite his agreement to reduce the amount the BOP has calculated. This would be unfair to others who have entered the program. More important, it would cause the Court to improperly interfere with the orderly operation of the BOP and improperly suggest that the Court was delegating its authority and responsibilities to the BOP.

■ Defendant does not cite authority for his motion except for *U.S. v. Gunning*, 401 F.3d 1145 (2005) (*Gunning II*). Statutory authority to effect a change in a restitution order is found in 18 U.S.C. § 3664(k). However, that requires a showing of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." There has been no such

---

1. While the Court may have stated the penalty assessment was $3,200 during the sentencing, it also said the penalty assessment was $100 per count and Young was convicted of 33 counts.

2. He makes the later two complaints by way of footnote.

showing, or even an attempt to do so. Furthermore, a voluntary withholding, pursuant to agreement, calculated to withhold 21% of Defendant's monthly income is not an egregious or unreasonable calculation.

■ Neither can the Court consider this a federal habeas corpus action under 28 U.S.C. § 2255, as the motion does not challenge the fact nor duration of Defendant's confinement.

In *Gunning II*, the Ninth Circuit held that the District Court "simply does not have the authority to delegate its own scheduling duties-not to the probation office, not to the BOP, not to anyone else." *Id.* at 1150. The Ninth Circuit implicitly endorsed the IFRP:

> We do not doubt that the BOP, like the probation office, has expertise in the payment area. That has wisely induced it to create the IFRP procedure whereby the BOP will "help [the] inmate develop a financial plan" and will then "monitor the inmate's progress" in meeting the terms of that plan. 28 C.F.R. § 545.11; see also 28 C.F.R. § 545.10. Not surprisingly, restitution is one of the obligations with which the BOP concerns itself; and it is, indeed, a top priority. See 28 C.F.R. § 545.11(a)(2).

*Id.*

The BOP's authority to administer the IFRP is independent of the sentencing court's duty to schedule restitution payments. For the Court to insert itself into the process would likely constitute an improper delegation of authority to the BOP to determine a payment schedule.

■ "Immediate repayment is the general rule: 'A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.'" *U.S. v. Mar-*

*tin,* 278 F.3d 988, 1006 (9th Cir.2002) *citing* 18 U.S.C. § 3572(d). An order for immediate payment is generally interpreted to require "payment to the extent that the defendant can make it in good faith, beginning immediately." *McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999). This Court's order that restitution is due immediately is consistent not only with the general rule stated above, but also with 18 U.S.C. § 3664(f)(3), which allows the Court to order a single, lump-sum payment.

Defendant's motion assumes the Court would set a lower, rather than a higher, amount for a monthly payment. Defendant presumes too much. The motion ignores the possibility that his monthly income may not always be the same. If it goes down, he undoubtedly will be back to argue the significant change in his economical circumstances. But if it goes up, will he advise the Court of that development?

■ The Court did not and will not set a payment schedule during incarceration, because the Court cannot take the responsibility of monitoring every defendant's income while in prison. As the matter now stands, the Defendant has an incentive to pay as much as he can while in prison, to reduce the amount payable when he is released. It is presumed that the BOP's IFRP is designed to assist the Defendant to voluntarily address that incentive. The Court will not insert itself into a voluntary agreement between Defendant and the BOP to meet that obligation, nor will it delegate to the BOP the authority to require a certain amount of payment toward restitution.

If Defendant does not like the calculations by the BOP, the Court presumes there is a procedure for challenging that calculation. There is no evidence that an administrative procedure is not available, or that Defendant has pursued administrative remedies. The exhaustion of adminis-

trative remedies is a prerequisite before appealing to the Court for a change in the amount withheld.

IT IS THEREFORE ORDERED that Defendant's **Motion to Set Schedule of Payments Re: Restitution** (# 142) is DENIED.