**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RUSSELL CLINE,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>LINDA SANDERS,<br>Warden, USP-Lompoc<br><br>        Respondent - Appellee. | No. 11-56113<br><br>D.C. No. 10-cv-8998-VAP-VBK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted January 11, 2013[**]
Pasadena, California

Before: O'SCANNLAIN and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Russell Cline, who at the time of the filing of this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 was serving a federal prison sentence, appeals from a judgment of the district court dismissing his petition on the ground that he failed to exhaust his administrative remedies. On this appeal, he argues that he was denied the benefits of the Residential Drug Abuse Program ("RDAP") at FCC Lompoc in retaliation for the exercise of his constitutional rights in "challenging what he believed to be inappropriate and illegal BOP actions at the RDAP in Lompoc." The successful completion of the program would have rendered him eligible for a one-year reduction of his sentence under 18 U.S.C. § 3621(e)(2)(B).

The magistrate judge, whose recommendation was adopted by the district court, discussed the rule requiring exhaustion and observed that petitioner had not yet exhausted his administrative remedies. Although the magistrate judge observed that petitioner "argues that this Court should waive the exhaustion requirement . . . [because] exhaustion would be futile and Petitioner fears retaliation," he did not discuss that argument; instead, without any further discussion, he held that "Petitioner has failed to exhaust his administrative remedies; as such, the Petition must be dismissed."

While it is common ground that petitioner was required to exhaust his administrative remedies, we recently held that "exhaustion can be waived if pursuing

those [administrative] remedies would be futile," *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (alteration in original) (internal quotation marks omitted). Under these circumstances, because the question of futility should be first addressed by the district court in order to enable us to evaluate the propriety of the district court's decision, we remand the case to the district court for that purpose.

We add these brief words with respect to the issue of whether the appeal is moot because petitioner has completed his sentence and is no longer in custody. We have held that, notwithstanding these circumstances, a petition in a case such as this is not moot because, if successful in obtaining what would be in essence a declaratory judgment, the petitioner may then seek to have his three-year term of supervised release reduced. *Serrato v. Clark*, 486 F.3d 560, 565 & n.2 (9th Cir. 2007). Nevertheless, such a remedy is available solely in the discretion of the district court only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

**VACATED AND REMANDED.**