**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY FRIDAY UDOM, | No. 12-55349 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-02175-WQH-POR |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Anthony Friday Udom appeals pro se from the district court's final

judgment dismissing without prejudice his 28 U.S.C. § 2241 habeas petition

challenging his removal proceedings.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's legal conclusions and review for clear error its factual findings. *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). We affirm.

The district court correctly dismissed Udom's habeas petition under the prudential exhaustion doctrine because Udom, in challenging his ongoing removal proceedings, had failed to exhaust his administrative remedies and did not qualify for an exception to the exhaustion requirement. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) ("As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."); *see also Cabaccang v. U.S. Citizenship & Immigr. Servs.*, 627 F.3d 1313, 1316 (9th Cir. 2010) ("[T]he pendency of removal proceedings means the [petitioners] have not exhausted their administrative remedies.").

We deny Udom's June 8, 2012, "Motion to Submit California State Court - Order - Dismiss of a Deportable Offense & 1993 Mental Illness Report" to the extent the motion seeks leave to submit supplemental materials in support of his appeal. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("Generally, we consider only the district court record as developed before appeal.").

**AFFIRMED.**