**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| TERRANCE LAMONT MOORE, | No. 12-16325 |
| Petitioner - Appellant, | D.C. No. 1:11-cv-01446-LJO-JLT |
| v. | |
| H. A. RIOS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 12, 2014[**]
San Francisco, California

Before: REINHARDT and THOMAS, Circuit Judges, and SESSIONS, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable William K. Sessions, III, District Judge for the U.S.
District Court for the District of Vermont, sitting by designation.

Petitioner Terrance Lamont Moore ("Moore") appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand. Because the parties are familiar with the history of the case, we will not recount it here.

We review de novo a district court's decision to grant or deny a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008).

Because Moore's claim goes to the execution of the restitution order, specifically improper delegation, he properly brought his petition under § 2241, and he did not waive his argument by failing to challenge the restitution order before the sentencing court either on direct appeal or under 28 U.S.C. § 2255. *See Ward v. Chavez*, 678 F.3d 1042, 1044–45 (9th Cir. 2012); *Lemoine*, 546 F.3d at 1047–50.

After the district court entered judgment, we held that "a sentencing court must consider the defendant's financial resources in setting a restitution payment schedule, and, if the defendant is unable to pay restitution immediately, the court cannot simply order 'immediate' repayment and leave the details of the actual payment schedule to the BOP." *Ward*, 678 F.3d at 1052. Further, because an improper payment schedule deprives the Bureau of Prisons of authority to collect

2

restitution payments through the Inmate Financial Responsibility Program, the imposition of a deficient restitution order was not harmless error. *Id.* at 1051.

We therefore reverse the district court's ruling and remand for consideration of the restitution order under *Ward*.

**REVERSED and REMANDED.**