**NOT FOR PUBLICATION**

MAY 18 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUDY SOTO, AKA Flaco,

Defendant - Appellant.

No. 13-50434

D.C. No. 2:10-cr-01140-ODW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted May 7, 2015[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Rudy Soto appeals his conviction and sentence for kidnapping and

conspiring to kidnap his ex-girlfriend. We have jurisdiction under 28 U.S.C. §

1291. We affirm in part, and vacate and remand in part.

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Soto argues that the district court's comment to defense counsel, "Have you lost your mind?", and its rulings during the defense cross-examination of witness Mendoza, entitle him to a new trial. We review the district court's denial of Soto's motion for mistrial and motion for new trial for an abuse of discretion. *See United States v. Homick*, 964 F.2d 899, 906 (9th Cir. 1992); *United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011). First, while we do not condone the district court's comment made before the jury, this single comment did not "project[] to the jury an appearance of advocacy or partiality," and Soto was not prejudiced. *See United States v. Scott*, 642 F.3d 791, 799 (9th Cir. 2011) (internal quotation marks omitted). The comment was made after the court sustained several government objections to defense counsel's similar, repetitive, compound questions that all covered the same ground. Soto's defense counsel did, early on during his repetitive cross-examination, elicit from Mendoza, the government's witness, testimony that he wished to present to the jury—namely, Mendoza's unlawful residence in the United States, the government's grant of immunity, and her understanding that the government would not prosecute her based on her unlawful status. Accordingly, Soto was not denied the right to confront Mendoza and did not suffer any prejudice. *See United States v. Larson*, 495 F.3d 1094, 1103-04 (9th Cir. 2007) (finding no Confrontation Clause error because the jury

2

was sufficiently apprised of a witness's incentive to testify to the government's satisfaction).

2. Soto next argues that the district court coerced a guilty verdict. We review de novo whether the district court coerced a verdict. *United States v. Berger*, 473 F.3d 1080, 1089 (9th Cir. 2007). The court's comments to the jury, viewed in context, do not demonstrate that the verdict was coerced. The jury reported that deliberations had broken down due to behavior that was loud, belligerent, and "too personal." The court's response was to encourage the jury to listen to each other's viewpoints with respect and to behave "like civilized adults." The court stated twice that it was not taking sides, and that "if after a good faith effort to [reach a verdict, the jury] cannot reach a unanimous agreement, let [him] know." The court did not indicate or imply that any one juror's viewpoint was wrong.

3. Soto alleges that the district court committed procedural error in his sentence, and that his sentence is substantively unreasonable. Reviewing for abuse of discretion, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008), we disagree. First, the district court's finding that Soto used a knife was amply supported by evidence. Second, the court did not err in denying Soto's request to cross-examine his co-conspirator who had submitted a letter to the court at

3

sentencing. "[A] sentencing judge can rely on information provided by witnesses that the defendant has not had the chance to cross-examine, as long as the defendant has had the opportunity to rebut, deny, or explain the information used." *See Ortiz v. Stewart*, 149 F.3d 923, 937 (9th Cir. 1998). Soto was given such an opportunity, and in any event, considerable evidence beyond the letter supported the district court's conclusion that Soto was the organizer of the kidnapping. Finally, Soto's 293-month sentence was not substantively unreasonable in light of the seriousness of the offense, during which he threatened to kill the victim while using a knife, and the sentence was within the Sentencing Guidelines range for the offense conduct.

4. The parties agree that remand is appropriate as to the district court's restitution order because the court failed to set a payment schedule. We therefore vacate the restitution order and remand for the limited purpose of allowing the district court to order a restitution payment schedule. *See Ward v. Chavez*, 678 F.3d 1042, 1052 (9th Cir. 2012).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**