**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 29 2016



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10510 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00115-SOM-1 |
| v. | |
| VANCE YUKIO INOUYE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 12, 2016
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Defendant Vance Yukio Inouye appeals from an order setting a restitution

schedule in connection with revocation of his supervised release. We affirm.

As a threshold matter, we can review Inouye's appeal. The district court

judgment is a final judgment even though the district court is free to adjust the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

restitution payment schedule. *See* 18 U.S.C. § 3664(o)(1)(D). Nothing in "the language of [Inouye's original 2009] waiver encompasses [Inouye's] right to appeal" the consequences of a subsequent revocation proceeding. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (internal quotation marks omitted). Thus, he did not "knowingly and voluntarily" waive his right to appeal the present decision. *Id.*; *see also United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (holding that a defendant did not, pursuant to his plea agreement, waive his right to appeal the district court's decision that it lacked jurisdiction to modify his sentence because the plea agreement encompasses only the right to appeal "the sentence . . . imposed"). Additionally, the case is ripe for review.

On the merits, the district court did not abuse its discretion in setting Inouye's restitution schedule at 8% of his gross monthly income. *See United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002) (stating standard of review). The district court did not "ignore[] the cash flow report that was in the PSR," nor did it "ignore[] that [Inouye] was not paying medical insurance." The court recognized both of those facts explicitly. And the court's determination that Inouye's expenses in the immediate future were likely to be lower than they had been had ample support in the record. The court did not abuse its discretion by

2

concluding that Inouye's expenses would be less when he was no longer living with his children, paying rent, or paying for utilities.

As to projected income, the district court committed no error. By law the district court "*shall* . . . specify . . . the schedule according to which[] the restitution is to be paid, *in consideration of* . . . projected earnings and other income of the defendant." 18 U.S.C. § 3664(f)(2)(B) (emphasis added). Inouye is wrong that the district court should have disregarded this factor on account of Inouye's then-current financial circumstances. *Cf. Ward v. Chavez*, 678 F.3d 1042, 1052 (9th Cir. 2012) ("[A] sentencing court *must* consider the defendant's financial resources in setting a restitution payment schedule . . . ." (emphasis added)).

Finally, if Inouye has no job, then 8% of $0.00 is $0.00, and he suffers no prejudice. As the district court noted, Inouye is free to seek further modification of his restitution schedule as his circumstances continue to evolve.

**AFFIRMED**.

3