**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BALENTIN MARTINEZ QUINONEZ,

          Petitioner - Appellant,

v.

LINDA T. McGREW,

          Respondent - Appellee.

No. 14-57013

D.C. No. 2:13-cv-00515-VBF

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted April 26, 2016**

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

    Federal prisoner Balentin Martinez Quinonez appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2241 habeas petition without

prejudice for failure to exhaust administrative remedies. We have jurisdiction

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.[1]  We review the dismissal of a section 2241 petition de novo, *see Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011), and we affirm.

In his petition, Quinonez challenged the BOP's authority to establish the time and manner in which he is required to pay his court-imposed fine.  The district court did not err by dismissing Quinonez's petition for failure to exhaust administrative remedies.  *See Ward*, 678 F.3d at 1045.  The record shows that Quinonez did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile.  *See* 28 C.F.R. § 542.10 *et seq*.

We decline to consider Quinonez's challenge to the amount of the fine, and his argument that the district court procedurally erred when imposing the fine, because those claims were not raised below.  *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

**AFFIRMED.**

---

[1]  Because Quinonez is challenging the execution of his sentence, federal subject matter jurisdiction exists under section 2241.  *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012) (considering a challenge to the Bureau of Prisons' ("BOP") administration of the Inmate Financial Responsibility Program in a section 2241 habeas petition).

14-57013