**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN A. JOHNSON, | No. 17-17505 |
| Petitioner-Appellant, | D.C. No. 1:15-cv-00600-DAD |
| v. | |
| ANDRE MATEVOUSIAN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted December 17, 2018**

Before: WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Steven Johnson appeals pro se from the district court's judgment denying his

28 U.S.C. § 2241 petition for a writ of habeas corpus. We have jurisdiction under

28 U.S.C. § 1291. We review de novo the denial of a section 2241 petition, *see*

*Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011), and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Johnson first contends that the district court erred by dismissing as moot the claim regarding his detention in the segregated housing unit ("SHU") at United States Penitentiary Atwater ("USP-Atwater"). At the time of the district court's decision, Johnson had been transferred out of USP-Atwater, and he now has completed his custodial sentence and is serving a term of supervised release. Because the court can no longer grant the relief requested—release from the SHU—his claim is moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997). Contrary to his contention, Johnson cannot avoid mootness by seeking damages as "damages are not an available habeas remedy." *Nelson v. Campbell*, 541 U.S. 637, 646 (2004).

To the extent Johnson also challenges the denial of his due process claims, the district court did not err. In his petition, Johnson challenged three disciplinary proceedings, which resulted in the loss of good conduct time, on the basis that the proceedings did not comport with due process. Before asserting these claims in a habeas petition, Johnson was required to exhaust all available administrative remedies or demonstrate waiver of the exhaustion requirement. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Johnson did neither. Further, the record shows that the disciplinary proceedings complied with the procedural due process requirements delineated in *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974), and that "some evidence" supported the Disciplinary Hearing Officer's

decisions, *see Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

Johnson's remaining claims are not cognizable under section 2241 because they do not concern the manner, location, or conditions of the execution of his sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

**AFFIRMED.**