**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONG MOUA, | No. 23-15160 |
| Petitioner-Appellant, | D.C. No. 1:22-cv-00948-JLT-SKO |
| v. | |
| B. M. TRATE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted August 15, 2023[**]

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Federal prisoner Tong Moua appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas petition.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *see United States v. Lemoine*, 546

F.3d 1042, 1046 (9th Cir. 2008), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Moua contends that the Bureau of Prisons ("BOP") improperly set a higher payment schedule for his participation in the Inmate Financial Responsibility Program ("IFRP") than what the district court ordered in his criminal judgment, thereby contradicting "the spirit" of this court's caselaw and the Mandatory Victims Restitution Act ("MVRA"). The district court did not err in dismissing Moua's habeas petition. Where, as here, the sentencing court has properly set a restitution payment schedule, neither this court's caselaw nor the MVRA "places any limits on the BOP's operation of an independent program, such as the IFRP, that encourages inmates voluntarily to make more generous restitution payments than mandated in their respective judgments." *Lemoine*, 546 F.3d at 1048. The authority Moua cites does not compel a contrary conclusion. *See Ward v. Chavez*, 678 F.3d 1042, 1047 (9th Cir. 2012) (discussing *Lemoine*).

**AFFIRMED.**