NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10362 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-01311-DGC-1 |
| v. | |
| ANTHONY ESPINOSA GONZALES, AKA Anthony Espinoza Gonzales, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted November 6, 2023
Phoenix, Arizona

Before:  HAWKINS and COLLINS, Circuit Judges, and S. MURPHY,** District Judge.

Appellant Anthony Espinosa Gonzales appeals his jury trial conviction for

eight counts of distribution of child pornography and one count of possession of

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

child pornography. As the parties are familiar with the facts, we do not repeat them here. Gonzales raises three issues on appeal. For the reasons below, we affirm the district court.

First, Gonzales argued that the district court abused its discretion by finding that the Government presented adequate foundation for (1) the reliability of Torrential Downpour, (2) the "mirror image" process used to clone the seized tablet, (3) the processes underlying the Forensic Took Kit (FTK) tool, and (4) the processes underlying the Independent Evidence Finder (IEF) tool. We review the district court's determinations about authentication and foundation for an abuse of discretion. *United States v. Estrada-Eliverio*, 583 F.3d 669, 672 (9th Cir. 2009); *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

First, the Government presented two witnesses, Detective Erdely and Special Agent Cullen, who testified to the accuracy and reliability of Torrential Downpour, the mirror image process, the FTK tool, and the IEF tool and explained how each electronic forensic tool functions. Because the testimony presented at trial adequately explained the reliability of the processes underlying all four categories of digital forensic evidence challenged by Gonzales, the Government satisfied its

burden of showing that Torrential Downpour, the mirror image process, the FTK program, and the IEF program were what the Government claimed they were. *See* Fed. R. Evid. 901(a). The district court did not abuse its discretion.

Second, Gonzales argued that the Government failed to prove he knew the images underlying Counts 4, 7, and 8 were child pornography because it presented no evidence that he opened or viewed those files. We review a forfeited challenge to the sufficiency of the evidence for plain error. *United States v. Lopez*, 4 F.4th 706, 719 (9th Cir. 2021). The crime of distribution of child pornography requires that a defendant knew that the image at issue depicted a minor engaged in sexually explicit conduct. 18 U.S.C. § 2252. But the Government need not present direct evidence that the child pornography files were accessed or opened in every case to establish knowledge. *See, e.g., United States v. Ruiz-Castelo*, 835 F. App'x 187, 189 (9th Cir. 2020) (explaining that "the government was required to prove Ruiz-Castelo's knowledge that the video contained sexually explicit conduct with a minor, not that Ruiz-Castelo necessarily viewed the video before he distributed it").

What is more, the fact that the forensic evidence did not show that the files containing the images underlying Counts 4, 7, and 8 had been opened does not undermine the convictions on those counts because circumstantial evidence of the number of child pornography files and their location may be sufficient to prove knowledge. *United States v. Hardrick*, 766 F.3d 1051, 1057 (9th Cir. 2014). Here,

Gonzales admitted that he used the tablet to search for child pornography during the relevant timeframe, he possessed many child pornography files in an unusual location on the device, and he successfully shared other child pornography files with the FBI that he viewed but that were no longer on his device. The Government therefore presented sufficient evidence at trial for a reasonable juror to conclude that Gonzales knew the images underlying Counts 4, 7, and 8 showed minors engaged in sexually explicit conduct.

Third, Gonzales argued that the district court improperly delegated the setting of his restitution payment schedule to the Bureau of Prisons (BOP). Because Gonzales did not object to the district court's order setting a restitution payment schedule at sentencing, his argument is reviewed for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993). To be sure, the district court cannot delegate the setting of a restitution payment schedule to the probation office or the BOP. *United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005). But the BOP nonetheless has "independent power to administer the [Inmate Financial Responsibility Program (IFRP)]," *Ward v. Chavez*, 678 F.3d 1042, 1046−47 (9th Cir. 2012), and may require inmates who participate in IFRP "to pay restitution to victims at a higher or faster rate than was specified by the sentencing court," *United States v. Lemoine*, 546 F.3d 1042, 1044 (9th Cir. 2008). And although the district court's judgment here states that "payment shall be made through

4

[IFRP]," Gonzales fails to show that his subsequent participation in that program was not voluntary on his part. Thus, because Gonzales was a voluntary participant in IFRP, the BOP had the authority to adjust Gonzales's restitution payment schedule. The district court therefore did not plainly err.

We therefore **AFFIRM** the district court.