NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10349 |
| Plaintiff-Appellee, | D.C. No. 1:22-cr-00030-JAO-1 |
| v. | |
| COURTNEY CASCANTE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted February 15, 2024**
Honolulu, Hawaii

Before: PAEZ, M. SMITH, and KOH, Circuit Judges.

Defendant-Appellant Courtney Cascante ("Cascante") appeals her restitution order under the Mandatory Victims Restitution Act ("MVRA"). We review "challenges to restitution orders—made for the first time on appeal—for plain error." *United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016) (first

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

citing *United States v. Rizk*, 660 F.3d 1125, 1136 (9th Cir. 2011); then citing *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162 (9th Cir. 2010)). We have jurisdiction under 8 U.S.C. § 1291. We affirm.

1. Cascante is barred, under the invited error doctrine, from challenging the district court's inclusion of the forensic accounting fee in the restitution order. This doctrine "prevents a defendant from complaining of an error that was [her] own fault." *United States v. Magdaleno*, 43 F.4th 1215, 1219 (9th Cir. 2022) (quoting *United States v. Myers*, 804 F.3d 1246, 1254 (9th Cir. 2015)).

The record makes clear that the district court would not have added the fee had Cascante not affirmatively agreed to its inclusion. The district court had proposed reserving the issue for future consideration, but Cascante indicated that "if the Court wants to include that in a restitution amount she would not object today." By telling the court it could include the fee and avoid future consideration of the issue, Cascante "directly set in motion[] the error of which [she] complain[s]." *Magdaleno*, 43 F.4th at 1220. She was aware of her right to challenge the inclusion of the fee and relinquished this right. *See id.* Cascante thus invited the error she complains of and is barred from raising this claim. *See id.* at 1219–20.

2. The district court did not clearly err in setting a restitution payment schedule. After considering the information and recommendation in the

2

Presentence Investigation Report ("PSR"), the district court adopted the probation officer's recommended repayment schedule, under which Cascante must pay ten percent of her gross monthly income during supervised release. The district court also declined to impose a fine and waived interest. As required by the MVRA, the district court considered Cascante's financial resources, which were detailed in the PSR, in creating a payment schedule. *See* 18 U.S.C. § 3664(f)(2).

The parties exhibit some confusion as to the payment schedule; both assume that restitution is due immediately upon incarceration, with any outstanding balance to be paid during supervised release. That is not how we read the payment schedule. We read the schedule to provide that payment is due in installments upon Cascante's release from prison. Considering the restitution provisions in the Judgment, we do not read the payment schedule as ordering immediate payment and delegating the details to the Bureau of Prisons or the Probation Office, which would be impermissible under the MVRA and *Ward v. Chavez*, 678 F.3d 1042, 1050–52 (9th Cir. 2012).

Unlike in *Ward*, the district court here considered Cascante's financial circumstances in adopting a restitution payment plan. Cascante is required to inform the court of any changes in her financial circumstances, and, upon release, if she is unable to obtain employment or her resources change significantly, she may then seek modification of the payment schedule.

**AFFIRMED.**