NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-1355 & 13-1356
_____

UNITED STATES OF AMERICA


v.

JAIME LYNN SNYDER a/k/a Jamie Lynn Snyder

JAIME LYNN SNYDER,

*Appellant*
_____


Appeal from the United States District Court
for the District of Delaware
(Nos. 1-11-cr-00097-001 and 1-12-cr-00052-001)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2013

Before: McKEE, *Chief Judge,* FUENTES and CHAGARES *Circuit Judges*

(Opinion Filed: December 13, 2013)


_____

OPINION
_____

MCKEE, *Chief Judge*

Defendant Jaime Lynn Snyder appeals her judgment of conviction, and her counsel has submitted a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant counsel's motion to withdraw and affirm the conviction and sentence.[1]

## I.

Because we write primarily for the parties who are familiar with this case, we need not recite the procedural history or underlying facts.

Snyder pled guilty to one count of copyright infringement in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1), and she pled guilty to one count of identity theft in violation of 18 U.S.C. §§ 1028(a)(7) and (b)(1)(D) in a consolidated, but unrelated case. She was sentenced to forty-six months' imprisonment on both counts to be served concurrently, followed by a consecutive sentence of twelve months' imprisonment pursuant to 18 U.S.C. § 3147. She appeals and her counsel seeks to withdraw pursuant to *Anders*.[2]

## A.

"Under *Anders v. California,* 386 U.S. 738 (1967), counsel may seek to withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal." *Simon v. Gov't of the V.I.*, 679 F.3d 109, 114 (3d Cir. 2012). The

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[2] Defendant did not exercise her option to file a *pro se* brief in response. *See* 3d Cir. L.A.R. 109.2(a) (2011).

request to withdraw "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744; *see also* 3d Cir. L.A.R. 109.2(a) (2011). When counsel submits an *Anders* brief, this Court undertakes a two part inquiry pursuant to L.A.R. 109.2(a): "'(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues.'" *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (quoting *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)) (alterations own).

To adhere to L.A.R. 109.2(a), counsel is required "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Youla*, 241 F.3d at 300 (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). Although we exercise plenary review to determine whether any nonfrivolous grounds for appeal exist, *Simon*, 679 F.3d at 114, "[w]here the *Anders* brief initially appears adequate on its face," our review of the record is guided "by the *Anders* brief itself." *Youla*, 241 F.3d at 301.

Upon thorough review of counsel's *Anders* brief, we conclude that there are "sufficient indicia that [counsel] thoroughly searched the record and the law in service of [her] client so that we might confidently consider only those objections raised." *Youla*, 241 F.3d at 301 (quoting *Marvin*, 211 F.3d at 781). Counsel's brief evinces a clear command of the record, and ultimately provides a clear explanation as to why controlling law renders frivolous the single issue identified. That issue is whether Snyder's sentence is procedurally and substantively reasonable.

**B.**

"We review the procedural and substantive reasonableness of the sentence for abuse of discretion." *United States v. Kluger*, 722 F.3d 549, 566 (3d Cir. 2013). District courts "follow a three-step sentencing process." *Id.* Courts 1) "must continue to calculate a defendant's Guidelines[3] sentence precisely as they would have before *Booker*[, 543 U.S. 220 (2005)]," 2) "must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force," and 3) must "exercise their discretion by considering the relevant [18 U.S.C.] § 3553(a) factors . . . in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." *Kluger*, 722 F.3d at 566 (citations and internal quotations omitted).

A sentence is procedurally reasonable if, for instance, the Guidelines range is properly calculated and treated as advisory, the § 3553(a) factors were considered, the sentence was not based on clearly erroneous factual findings, and the chosen sentence was adequately explained. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (citation omitted). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

---

[3] U.S. Sentencing Guidelines Manual §§ 1B1.1–8F1.1 (2012) [hereinafter "Guidelines" or "U.S.S.G."].

The applicable Guideline range was seventy to eighty-seven months. Snyder objected to the calculation, arguing that the stipulated loss figure of $971,935.10 was appropriate to use for the offense level enhancement calculation under U.S.S.G. § 2B1.1(b)(1). The District Court resolved the objection in Snyder's favor by utilizing the plea agreement figure. *See, e.g.*, *United States v. Tilley*, 786 F. Supp. 2d 862, 867. The resulting offense level of twenty-one was correctly calculated, resulting in a Guidelines range of forty-six to fifty-seven months. *See* U.S.S.G. § 2B1.1(b)(1)(H) & ch. 5, pt. A Sentencing Table.

The District Court explained that it considered the Guidelines' "advisory" sentence and the § 3553(a) factors. The court thoroughly explored Snyder's personal history and characteristics, and further explained that the record before it informed its consideration of the remaining factors. *See United States v. Clark*, 726 F.3d 496, 502 (3d Cir. 2013) ("[A] district court need not discuss and make findings as to each of the § 3553(a) factors so long as the record makes clear that the court has taken them into account." (citations and quotations omitted)). The court properly added a twelve month sentencing enhancement to be served consecutively for the offense committed while on release. *See* 18 U.S.C. § 3147. The court then concluded that it had no reason to depart from the advisory sentence. In sum, we are satisfied the sentence is procedurally reasonable.

Moreover, since the court appropriately considered the § 3553(a) factors and the resulting sentence is at the bottom end of the Guidelines range, we are also satisfied that

5

Snyder's sentence is substantively reasonable. *See id.* at 568. Thus, as defense counsel suggests, pursuing that issue would be frivolous.

## II.

Accordingly, because no nonfrivolous grounds for appeal exist, counsel fulfilled her obligation under *Anders* and we will therefore grant her motion to withdraw. For the same reason, we will affirm the judgment of the District Court.