**ALD-073**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 14-2784

————————

UNITED STATES OF AMERICA

v.

JAIME LYNN SNYDER,
                                        Appellant

———————————————————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. Nos. 11-cr-00097 & 12-cr-00052)
District Judge: Honorable Sue L. Robinson

———————————————————————

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2014

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 5, 2015)

————————

OPINION*

————————

PER CURIAM

         Jaime Lynn Snyder appeals from an order of the District Court denying her

motion to amend her monthly restitution payments.  For the reasons that follow, we will

summarily affirm.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On October 17, 2011, the Government filed an Information in the United States District Court for the District of Delaware, see D.C. Crim. No. 11-cr-00097, charging Snyder with copyright infringement, in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1). Snyder waived indictment and pleaded guilty to the Information. In the plea agreement, Snyder agreed to restitution in the amount of $971,935.10, and the parties agreed to this figure as the total loss amount. On July 31, 2012, the Government filed a one-count Information, see D.C. Crim. No. 12-cr-00052, charging Snyder with identity theft, in violation of 18 U.S.C. §§ 1028(a)(7) and (b)(1)(D). Snyder waived indictment and pleaded guilty to this Information as well. In the plea agreement, the parties stipulated to an intended loss amount of greater than $30,000 but less than $70,000 for purposes of the Guidelines, and Snyder agreed to restitution in the amount of $35,373.02. The Government reserved the right to argue for restitution in the amount of $41,472.59. The plea agreement also contained a provision stating that 18 U.S.C. § 3147 applied because Snyder committed identity theft during the time that she was on release in the copyright infringement case, and that this statute required a consecutive term of imprisonment.

On January 24, 2013, the District Court sentenced Snyder to a term of imprisonment of 46 months on the copyright infringement and identity theft convictions, the sentences to be served concurrently, followed by a consecutive sentence of 12 months pursuant to 18 U.S.C. § 3147. The District Court also imposed three years of supervised release in both cases, to be served concurrently, and ordered restitution to be paid in the amount of $1,013,407.69, due immediately. The District Court determined that Snyder

2

did not have the ability to pay interest on the restitution, and ordered "[p]ayment in equal monthly … installments of not less than $50.00 over a period of 35 months… , to commence 30 days … after release from imprisonment to a term of supervision." See Docket Entry No. 35, D.C. Crim. No. 11-cr-00097; Docket Entry No. 25, D.C. Crim. No. 12-cr-00052.  Snyder appealed, and her counsel moved to withdraw, see Anders v. California, 386 U.S. 738 (1967), asserting that Snyder's only non-frivolous issue concerned whether her sentence was reasonable.  We affirmed the criminal judgment on December 13, 2013, see United States v. Snyder, 548 F. App'x 775 (3d Cir. 2013), holding that the sentence was procedurally reasonable, and that, since the District Court appropriately considered the 18 U.S.C. § 3553(a) factors, and the resulting sentence was at the bottom end of the Guidelines range, Snyder's sentence was substantively reasonable, see id. at 777-78.

Meanwhile, in November 2013, Snyder, now an inmate at Alderson Federal Correctional Institution in West Virginia, moved pro se in the District of Delaware to amend her Inmate Financial Responsibility Program ("IFRP") payments on her restitution obligation.  Snyder alleged that her Bureau of Prisons case manager was requiring her to pay hundreds of dollars in restitution each month even though she was earning virtually nothing in her prison job, leaving her family to make her payments.  In response, the BOP explained that, pursuant to its IFRP guidelines, it analyzes an inmate's deposits made in the last six months, subtracts IFRP payments made in the last six months, and then excludes $450 every six months from outside resources and institution pay.  After the $450 exclusion, the balance is divided by 6, and the resulting amount constitutes the

3

monthly payment due. A minimum payment of $25 is required every three months. Snyder's commissary account records reflected that, for the six-month period beginning in February 2013, there was $2,821.53 deposited into her account. During that same period, she paid only $25 in IFRP payments. In August 2013, Snyder's account activity was examined. The BOP deducted the $450 allocation from her balance, and her monthly IFRP payment was calculated at $313, through January 2014. Records further showed that Snyder's IFRP payment was scheduled to increase in February 2014 to $361 per month because deposits into her commissary account (during the six-month period to January 31, 2014) totaled $4,004.56. Snyder's IFRP payments through January 2014 totaled $844.91.

In response to the BOP's explanation/defense of her current $361 monthly IFRP payment obligation, Snyder argued that, under Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), where a defendant has insufficient financial resources to make immediate repayment, the district court, not Bureau of Prisons, must set the repayment schedule in the judgment of conviction. Snyder urged the District Court to follow Ward and set her IFRP payment to $50.00 per month, because her family and friends deposit money into her commissary account so that she can stay in touch with her children, not so that she can make restitution payments, and that she uses the money for necessary expenses, including telephone calls, email, stamps, commissary purchases, doctor co-payments, and medicine.

In an order entered on April 29, 2014, the District Court denied Snyder's request to set her IFRP payments. The court explained, in pertinent part, that:

> Having had the benefit of presiding over her plea and sentencing hearings, the court recalls the circumstances of defendant's criminal conduct, as well as her family background, which includes children and a grandchild. While the court recognizes defendant's efforts to maintain ties with her family, it is because of her own criminal conduct that she owes over one million dollars in restitution. There is nothing in the record at bar that warrants the amendment of defendant's judgment. Defendant's monthly [I]FRP payments are calculated based on how much money she earns and how much money others give to her. Defendant controls how much money is used to calculate her monthly [I]FRP payment.

United States v. Snyder, --- F. Supp.2d --- , 2014 WL 1761030, at *2 (D. Del. April 29, 2014).

Snyder appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised her that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Snyder was invited to submit argument in writing and she has done so. In her summary action response, Snyder acknowledges that she participates in the IFRP, although she claims that she was "forced … by extortion tactics under total duress and coercion." (Response, at 13.) She asserts that she is now in IFRP "refuse" status because she cannot make the $361 monthly payment. Her mother is making a $25 monthly payment toward her restitution obligation, but the BOP has threatened that she will still lose her ability to participate in the prison Residential Drug Treatment Program, which provides a sentence reduction gratuity, because she is not making the $361 payment. Snyder complains that recalculation of IFRP payments by the BOP is done only every six months, and that, because she no longer receives as much financial support, "[i]f her counselor recalculated her today for the previous 3 months, instead of 6 (the time frame her financial support drastically decreased) her payment would decrease from $361 a

5

month to $19 a month." (Response, at 2.) Snyder contends that the District Court's observation that she could obtain relief from her current $361 IFRP monthly payment by accepting less support from her family, while true, overlooked the fact that recalculations occur only every six months, so that even if the inmate is immediately "due" a reduction, she must still wait for the regularly scheduled recalculation.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error. See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). We may affirm a judgment of the District Court on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We note that the District Court has limited jurisdiction under 18 U.S.C. § 3664(k) to *adjust* a defendant's restitution payment schedule if there has been any material change in the defendant's economic circumstances, see United States v. Jaffe, 417 F.3d 259, 267 (2d Cir. 2005), and that Snyder is not challenging the overall validity of the District Court's order that she make restitution to her victims in the amount of $1,013,407.69.

Snyder's argument under the Ward case is unavailing because it is an attack on the validity of the restitution order itself, which must be made on direct appeal. In any event, it is meritless. The Mandatory Victims Restitution Act ("MVRA") requires the District Court to specify the manner in which the defendant will pay restitution in light of a defendant's economic circumstances, 18 U.S.C. § 3664(f)(2). Like the Ninth Circuit, see

6

Ward, 678 F.3d at 1048-49, we have held that determining the schedule of restitution payments pursuant to the MVRA is a "judicial act" that may not be delegated to the BOP, United States v. Corley, 500 F.3d 210, 226-27 (3d Cir. 2007) (sentencing court impermissibly delegates its authority to BOP when, knowing that the defendant was financially unable to make immediate restitution payment, it orders payments due immediately but to be made through Inmate Financial Responsibility Program). Here, the District Court set a restitution schedule in the criminal judgment, see Docket Entry No. 35, D.C. Crim. No. 11-cr-00097; Docket Entry No. 25, D.C. Crim. No. 12-cr-00052, and did not impermissibly delegate its authority to the Bureau of Prisons. The District Court did not order that payments be made through the IFRP, and in fact there is no mention whatever in the criminal judgment of the IFRP. Nor did appellate counsel advise us on direct appeal that there was a non-frivolous issue pertaining to Snyder's restitution order.

An inmate may voluntarily enter into the IFRP by signing a contract, and give the BOP authority to collect additional monies toward her restitution obligation, 28 C.F.R. § 545.11(a)-(b). An inmate may wish to contribute additional monies to restitution she owes, when doing so confers benefits that would otherwise be lost, see id. at § 545(d). "The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary[;] ... an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation cannot be compelled." United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010). Snyder's participation in the IFRP is voluntary, and her voluntary participation is determinative of her claim. We disagree that the program amounts to

7

"extortion," as she argues. Prisoners are not entitled, constitutionally or otherwise, "to any of the benefits agreeing to participate in the IFRP would provide, such as a work detail outside the prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond the maintenance pay level." United States v. Lemoine, 546 F.3d 1042, 1049 (9th Cir. 2008). Furthermore, inasmuch as Snyder does not challenge the BOP's records regarding the deposits made to her account, we agree with the District Court that changes in Snyder's circumstances are under her control. They, therefore, do not constitute a "material change in [her] economic circumstances" so as to warrant an adjustment under § 3664(k).

We would add that we doubt that Snyder's specific challenge to the BOP's authority to schedule recalculations only every six months even if the inmate is immediately "due" a reduction in her voluntary payment falls within the purview of 28 U.S.C. § 2241, see McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) (holding that claim challenging payment schedule imposed through IFRP concerned execution of petitioner's sentence and was correctly brought under 28 U.S.C. § 2241). The petitioner in McGee was challenging BOP conduct that conflicted with the terms imposed by the sentencing court. The BOP wanted $25 per month, but the District Court specifically ordered that the petitioner make a $20 monthly payment from his prison earnings. We held that his claim concerned the execution of his sentence, 627 F.3d at 937. In order to challenge the execution of her sentence under § 2241, Snyder would thus need to allege that the BOP's $361 monthly payment demand was "somehow inconsistent with a command or recommendation in the sentencing judgment," see Cardona v. Bledsoe, 681

8

F.3d 533, 537 (3d Cir.), <u>cert.</u> <u>denied</u>, 133 S. Ct. 805 (U.S. 2012). The District Court did not think that it was, nor do we. In any event, the District Court would lack jurisdiction because a § 2241 petition must be filed in the district where the petitioner is confined, <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004), which in Snyder's case is not the District of Delaware.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Snyder's motion to amend her IFRP payments.