**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50330 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02967-IEG-1 |
| v. | |
| JOSHUA JOHN HESTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Argued and Submitted July 10, 2014
Submission Withdrawn and Deferred July 11, 2014
Resubmitted September 12, 2014

Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Joshua John Hester (Hester) appeals from the district court's restitution

order entered in favor of JP Morgan Chase Bank (Chase) and

CitiGroup/CitiMortgage (Citi). The underlying drug trafficking scheme involved

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

two properties relevant to this appeal—the Rancho Santa Fe property and the Palomar property. *See United States v. Luis*, No. 13-50020, —F.3d—, 2014 WL 4236390, at *1 (9th Cir. Aug. 28, 2014).

The district court correctly determined that the Mandatory Victim Restitution Act (MVRA) required Hester and his co-defendant Marco Luis (Luis) to pay restitution for offenses against property. *See id.* Chase and Citi each qualified as a "victim" entitled to restitution under the MVRA. *Id.* However, in calculating restitution as to the Rancho Santa Fe property, and without the benefit of our recent *Luis* decision, "the district court erred by calculating restitution based on the unpaid principal loan balance rather than the value of the loans when Chase purchased them. . . . " *Id.* at *4. On remand, the district court should use the formula for a loan purchaser rather than for a loan originator. *See id.* at *4-*5. Therefore, "*Yeung*[1] compels us to vacate the restitution order with respect to the Rancho Santa Fe property loan calculation and remand so the district court may recalculate Chase's loss, based on how much Chase paid for the fraudulent loans (or the value of the loans when Chase acquired them)." *Id.* at *5 (citation,

---

[1] *United States v. Yeung*, 672 F.3d 594 (9th Cir. 2012), *overruled in part on other grounds by Robers v. United States*, 134 S. Ct. 1854 (2014).

alterations, and internal quotation marks omitted). No similar abuse of discretion occurred in calculating restitution for the Palomar property loans. *See id.*[2]

We also reject Hester's argument that the district court's restitution order should be reversed because it was untimely. Although 18 U.S.C. § 3664(d)(5) requires that a final determination of victims' losses be made within ninety days of sentencing, that provision is for the benefit of victims, not defendants. *See United States v. Marks*, 530 F.3d 799, 811-12 (9th Cir. 2008). Absent a showing of prejudice resulting from the delay, any error was harmless. *See United States v. Moreland*, 622 F.3d 1147, 1173 (9th Cir. 2010).

**AFFIRMED IN PART, VACATED and REMANDED IN PART.**

---

[2] While Hester also alleges error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he concedes that *United States v. Green*, 722 F.3d 1146 (9th Cir. 2013), forecloses this argument.