
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50107 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-02967-BTM-1 |
| v. | |
| JOSHUA JOHN HESTER, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50123 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-02967-BTM-5 |
| v. | |
| MARCO MANUEL LUIS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 8, 2017[]
Pasadena, California

Before: KELLY,[***] CALLAHAN, and BEA, Circuit Judges.

In 2012, both Joshua Hester and Marco Luis pleaded guilty to conspiracy to launder money, and Hester pleaded guilty to various drug trafficking offenses. The district court ordered Luis and Hester to pay restitution to JP Morgan Chase ("Chase") in the amount of $615,935, and to CitiGroup, Inc., in the amount of $329,767, but did not specify a restitution payment schedule. Luis and Hester appealed the restitution orders. This Court affirmed the calculation of restitution owed to CitiGroup, and vacated and remanded for the district court to recalculate the amount owed to Chase. *United States v. Luis*, 765 F.3d 1061, 1064 (9th Cir. 2014); *United States v. Hester*, 584 Fed. App'x 805, 806 (2014).

On remand, the district court[1] ruled that no restitution was owed to Chase. In regards to the restitution owed to Citigroup, the district court ordered that the Bureau of Prisons turn over all funds in Hester's Inmate Trust Account, minus

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

[1] On remand, this action was assigned to a different district judge, because the first district judge retired while the appeal was pending.

$500 for Hester's necessary personal expenses, and set a restitution payment schedule as a condition of supervised release for both defendants. Luis and Hester appeal a second time, challenging the district court's ability to set a restitution payment schedule and to order the Bureau of Prisons to turn over funds in Hester's Inmate Trust Account. We have jurisdiction under 8 U.S.C. § 1291, and we affirm.

The district court exercised its power to enforce the Citigroup restitution order that this Court had affirmed previously. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996). Under the Mandatory Victim Restitution Act ("MVRA"), the district court must "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of" the defendant's financial resources. 18 U.S.C. § 3664(f)(2); *Ward v. Chavez*, 678 F.3d 1042, 1052 (9th Cir. 2012).

The first district judge assigned to Luis's and Hester's case did not consider their financial resources or set a restitution payment schedule, which made restitution due immediately at the time of their sentencing. *See* 18 U.S.C. § 3572(d)(1) ("A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."); *United States v. Carter*, 742 F.3d 440, 444-45 (9th Cir. 2014) (per curiam) (the "practical effect"

3

of failing to provide any particular payment schedule in a restitution order is that restitution is due "immediately upon [the defendant's] sentencing"). The defendants never satisfied that obligation, so on remand, in order to "enforce the order of restitution," *Carter*, 742 F.3d at 445, the newly-assigned district judge considered the defendants' financial circumstances and provided a payment schedule with which they could comply. The court did what the MVRA requires by "setting a restitution payment schedule" after "consider[ing] the defendant's financial resources." *Ward*, 678 F.3d at 1052.

Moreover, the district court did not err by requiring the Bureau of Prisons to turn over the funds held in Hester's Inmate Trust Account. Under 18 U.S.C. § 3664(n), if a defendant ordered to pay restitution "receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution . . . still owed." Because Hester's Inmate Trust Account showed that he received "substantial resources" during his period of incarceration ($12,500 in 2015 alone), he was required by law to apply those funds to the $329,767 in restitution he still owed.

**AFFIRMED.**

4